**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

CHARLES E. SWANSON,
        Appellant,

    v.

UNITED STATES POSTAL SERVICE,
        Agency.

DOCKET NUMBER
SF-3443-17-0015-I-1

DATE: July 12, 2022

# THIS ORDER IS NONPRECEDENTIAL[1]

Charles E. Swanson, Whittier, California, pro se.

Catherine V. Meek, Long Beach, California, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

**REMAND ORDER**

¶1     The appellant has filed a petition for review of the initial decision, which dismissed his appeal for lack of jurisdiction. For the reasons discussed below, we GRANT the appellant's petition for review. We AFFIRM the administrative judge's finding that the Board lacks jurisdiction over the appellant's claim that

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the agency failed to assist him in filing a claim with the Office of Workers' Compensation Programs (OWCP) and her conclusion that the appellant did not show that he first sought corrective action with the Office of Special Counsel (OSC). We REMAND the appeal to the Board's Western Regional Office for the administrative judge to provide the appellant with proper jurisdictional notice in accordance with this Remand Order.

## BACKGROUND

¶2    The appellant worked for the agency as a Customer Care Agent. Initial Appeal File (IAF), Tab 6 at 13. The appellant filed a Board appeal in which he made the following allegations: (1) he is a veteran; (2) he sustained an injury while performing his duties as a Tractor Trailer Operator in or around September 2014; (3) an injury compensation manager directed an injury compensation representative not to help him file any paperwork with OWCP; (4) the injury compensation manager threatened him with removal if he did not accept the Customer Care Agent position; (5) he was forced to use approximately 1,800 hours of sick and annual leave to recuperate from his injury before returning to work in August 2016, while he was still in pain; and (6) the agency took actions against him because he filed reports of retaliation and abuse of authority against the injury compensation manager. IAF, Tab 1 at 2-7.

¶3    The administrative judge issued an order acknowledging that the appellant was challenging a denial of assistance in filing for compensation, but noting that it did not appear that the matter he was appealing was an "otherwise appealable action" or that he first sought corrective action with OSC. IAF, Tab 2 at 2. The administrative judge informed the appellant that the Board must dismiss the appeal unless the matter he is appealing is an "otherwise appealable action" or that he first sought corrective action from OSC. *Id.* The appellant responded to the acknowledgment order, in which he stated, among other things, that he "[did]

not know if this issue was an appealable action" and he "[did] not know who the Special Counsel is."  IAF, Tab 4 at 1.

¶4        The administrative judge issued an initial decision that dismissed the appeal for lack of jurisdiction without holding a hearing.  IAF, Tab 8, Initial Decision (ID) at 1-3.  In pertinent part, the administrative judge found that the appellant's claim regarding the agency's failure to assist him in filing an OWCP claim is not an action over which the Board has jurisdiction.  ID at 2-3.  She further determined that the appellant did not show that he sought corrective action from OSC.  ID at 3.  Because the administrative judge dismissed the appeal for lack of jurisdiction, she did not discuss the timeliness issue.  ID at 1 n.1.

¶5        The appellant has filed a petition for review.  Petition for Review (PFR) File, Tab 1.  The agency has not filed a response.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶6        The Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule, or regulation.  *Wilson v. Department of Homeland Security*, 122 M.S.P.R. 262, ¶ 2 (2015).  The appellant does not appear to challenge the administrative judge's conclusion that he failed to make a nonfrivolous allegation of Board jurisdiction concerning his claim that the agency failed to assist him with his OWCP claim or that he did not show that he sought corrective action from OSC.  ID at 2-3.  We affirm her findings herein.[2]

¶7        However, the appellant stated below that he "was forced to use [his] entire sum of sick leave (over 1800 hours) and all of [his] accumulated vacation leave[,] [a]pproximately 800 hours or more," while he was recuperating from his injury and a subsequent operation.  IAF, Tab 1 at 3.  Although not entirely clear, it is possible that he intended to raise a claim that he was suspended or constructively suspended.  An appellant must be afforded explicit information concerning what

---

[2] We have reviewed the relevant legislation enacted during the pendency of this appeal and have concluded that it does not affect the outcome of the appeal.

is required to establish jurisdiction over his appeal. *Burgess v. Merit Systems Protection Board*, 758 F.2d 641, 643-44 (Fed. Cir. 1985). Neither the administrative judge nor the agency provided the appellant with such notice. Accordingly, we remand the appeal to the regional office for the administrative judge to provide the appellant with jurisdictional notice regarding such claims, consistent with the Board's decisions in *Romero v. U.S. Postal Service*, 121 M.S.P.R. 606 (2014), *Abbott v. U.S. Postal Service*, 121 M.S.P.R. 294 (2014), and *Bean v. U.S. Postal Service*, 120 M.S.P.R. 397 (2013).

¶8    Finally, the agency filed a motion to compel that the administrative judge denied because of her disposition of the jurisdictional issue. IAF, Tab 7; ID at 2 n.2. The agency may renew its motion on remand.[3]

---

[3] Although the administrative judge noted in the initial decision that she was not addressing the timeliness issue because she dismissed the appeal for lack of jurisdiction, the administrative judge may need to resolve this issue on remand. *See, e.g.*, *Rosario-Fabregas v. Department of the Army*, 122 M.S.P.R. 468, ¶ 22 (2015) (finding that issues of timeliness and jurisdiction generally are considered to be inextricably intertwined in a constructive suspension appeal), *aff'd*, 833 F.3d 1342 (Fed. Cir. 2016).

## ORDER

¶9     For the reasons discussed above, we remand this case to the Western Regional Office for jurisdictional notice and further adjudication in accordance with this Remand Order.[4]

FOR THE BOARD:                      /s/ for
                                                    Jennifer Everling
                                                    Acting Clerk of the Board

Washington, D.C.

---

[4] The remand initial decision will incorporate the findings from this Order and include a notice of appeal rights for all claims raised by the appellant.